IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

STEVEN ULAN HAMMON,

    Petitioner,

v.                                Case No.: 2:13-cv-24737

CRAIG ADKINS, Administrator,
South Central Regional Jail,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is a Petition Under W.Va. Code § 53-4A-1 for Writ of Habeas Corpus filed by Steven Ulan Hammon ("Hammon"). (ECF No. 1). It is unclear whether Hammon actually intended to file this petition in federal court, or simply misaddressed the envelope. In any event, this matter has been assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Given that Hammon has failed to exhaust his state court remedies, the undersigned **FINDS** that his petition for a writ of habeas corpus is prematurely filed in this court and **RECOMMENDS** that the petition be **DENIED** and this action **DISMISSED**, without prejudice, to allow Hammon the opportunity to exhaust his state court remedies.

According to the petition, on May 14, 2013, Hammon was convicted in the Circuit Court of Kanawha County, West Virginia on a charge of third offense domestic battery. (ECF No. 1 at 1). He was sentenced to a term of imprisonment of one to five years and is currently incarcerated at the South Central Regional Jail. (*Id.*). Hammon chose not to appeal his judgment of conviction to the Supreme Court of Appeals of West Virginia, but has filed with the sentencing court a motion for reduction of sentence pursuant to West Virginia Rule of Criminal Procedure 35(b). (*Id.* at 1-2). At the time Hammon filed the instant petition, his motion for reduction of sentence was still pending. (*Id.* at 2). Hammon has filed no other motion or petition for post-conviction relief in a West Virginia court. (*Id.*).

Here, Hammon states four grounds entitling him to a writ of habeas corpus. First, he claims that his "conviction was obtained by a plea of guilty which was not made voluntarily with understanding of [the] charge and the consequences of [the] plea." (ECF No. 1 at 4). Hammon alleges in the next two grounds that he received ineffective assistance of counsel when his attorney failed to timely review critical discovery, including photographs and statements, which proved that the alleged victim was not assaulted. According to Hammon, if his attorney had reviewed this evidence with him, he would have elected to proceed to trial. (*Id.*). Finally, Hammon argues that his guilty plea was coerced by his counsel's assurance that Hammon would receive a favorable sentence. (ECF No. 1 at 4-5).

Before bringing a petition for habeas relief in federal district court, a state prisoner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A prisoner is "not deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to

raise, by any available procedure, the question presented." *Id.* § 2254(c). In West Virginia, a prisoner may exhaust state court remedies by: (1) "stating cognizable federal constitutional claims in a direct appeal;" (2) "stating such claims in a petition for a writ of habeas corpus in a state circuit court, pursuant to W.Va. Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling by the [Supreme Court of Appeals of West Virginia]"; or (3) "filing a petition for a writ of habeas corpus under the original jurisdiction of the [Supreme Court of Appeals of West Virginia]," although an original jurisdiction petition that is denied without indication that the denial is with prejudice, following a determination on the merits, will not exhaust the prisoner's state court remedies. *Rydbom v. Ballard*, No. 6:07-cv-00711, 2009 WL 305079, at *7 (S.D.W.V. Feb. 6, 2009). To date, Hammon has failed to take any of these steps, and the issues he raises may yet be addressed through state court procedure. Therefore, Hammon has failed to exhaust his state court remedies, making his petition in this action premature.

### Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the presiding District Judge **DENY** Petitioner's Petition for a Writ of Habeas, (ECF No. 1), **DISMISS** the action, **without prejudice**, and remove this matter from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from

the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Copenhaver, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and any counsel of record.

**FILED:** October 17, 2013.

Cheryl A. Eifert
United States Magistrate Judge